FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:18-CV-5013-JTR <br><br> ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Chad Hatfield represents Nicole C. (Plaintiff); Special Assistant United States Attorney Justin L. Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income alleging disability since May 1, 2012, due to depression, PTSD and anxiety. Tr. 260, 267, 346. The applications were denied initially and upon reconsideration. Administrative Law Judge (ALJ) M. J. Adams held a hearing on November 8, 2016, Tr. 44-72, and issued an unfavorable decision

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

on December 2, 2016, Tr. 23-37. The Appeals Council denied Plaintiff's request for review on November 24, 2017. Tr. 1-6. The ALJ's December 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 23, 2018. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on January 23, 1980, and was 32 years old on the alleged onset date, May 1, 2012. Tr. 49, 260. Plaintiff completed school through the tenth grade in 1998. Tr. 49, 347, 470. Plaintiff's disability report indicates she stopped working on May 1, 2012, because of her conditions. Tr. 346. Plaintiff testified at the administrative hearing she was unable to work due to worsening symptoms caused by her schizophrenia, PTSD, anxiety and depression. Tr. 50. Plaintiff described symptoms of auditory and visual hallucinations, memory issues, paranoia, talking to herself, and difficulty with focus. Tr. 49-54. She additionally stated she had nightmares and flashbacks of past abuse. Tr. 56-57. She indicated she had some "better days," but her paranoia was constant. Tr. 55.

Plaintiff reported to a medical provider that she used methamphetamine from the age of 16 to the age of 25. Tr. 470. Plaintiff testified she relapsed on alcohol and methamphetamine at the end of 2012. Tr. 58-59. She claimed it was a one-time relapse that resulted in a DUI charge, and she has had no further problems. Tr. 59-60. It appears her legal issues related to the DUI were resolved in 2014. Tr. 64-65. After wrapping up these legal issues in 2014, she went to Disneyland with her sister and two older daughters. Tr. 66.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social*

*Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 2, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 1, 2012, the alleged onset date. Tr. 25.

At step two, the ALJ determined Plaintiff had the following severe impairments: affective disorder (bipolar disorder vs. depressive disorder); anxiety disorder (post-traumatic stress disorder); personality disorder; alcohol abuse disorder; and substance abuse disorder. Tr. 26.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 26.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform a full range of work at all exertional levels, but with the following nonexertional limitations: she can understand, remember and carry out simple instructions; she can make judgments commensurate with the functions of unskilled work, i.e. work that needs little or no judgment to do simple duties, can learn to do the job in thirty days, and little specific vocational preparation and judgment; she can respond appropriately to supervision but should not be required to work in close coordination with coworkers where teamwork is required; she can deal with occasional changes in the work environment; and she can do work that requires no contact with the general public to perform the work tasks. Tr. 28.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 35, 50.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and

RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of laundry worker, kitchen helper and lab assistant. Tr. 36.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from May 1, 2012, the alleged onset date, through the date of the ALJ's decision, December 2, 2016. Tr. 36-37.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred in this case by (1) improperly rejecting the opinions of Plaintiff's medical providers; (2) improperly rejecting Plaintiff's severe impairments at step two; (3) improperly failing to find Plaintiff's impairments meet or equal a Listing at step three; (4) rejecting lay witness testimony; (5) rejecting Plaintiff's subjective complaints; and (6) failing to meet his step five burden. ECF No. 14 at 4-5.

## DISCUSSION[1]

### A. Medical Opinion Evidence

Plaintiff contends the ALJ erred by rejecting the opinions of her medical providers. ECF No. 14 at 7-11. Plaintiff specifically asserts the ALJ erred by

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent *Lucia* applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

according "little weight" to the reports of medical professionals Jan M. Kouzes, Ed.D., Benjamin Gonzalez, M.D., and Wayne Dees, Psy.D. *Id.*

In a disability proceeding, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In making findings regarding the medical opinion evidence of record, the ALJ must set forth specific, legitimate reasons that are based on substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Moreover, the ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).
///
///

### 1. Drs. Kouzes and Gonzalez

Dr. Kouzes completed a Department of Social and Health Services (DSHS) Psychological/Psychiatric evaluation of Plaintiff on May 23, 2014. Tr. 469-472. Dr. Kouzes diagnosed Bipolar I Disorder, most recent episode mixed, moderate by history; and Personality Disorder, Not Otherwise Specified, Borderline Features. Tr. 471. Dr. Kouzes opined that Plaintiff had "marked" restrictions in her abilities to understand, remember, and persist in tasks by following detailed instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; and complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 471-472. Dr. Kouzes also noted several moderate limitations. *Id*.

Dr. Gonzalez, Plaintiff's treating physician, filled out a Mental Residual Functional Capacity Assessment form on October 14, 2015. Tr. 635-638. Dr. Gonzalez indicated Plaintiff was either markedly limited or severely limited in nearly all areas of mental functioning. Tr. 635-636. Dr. Gonzalez further noted that Plaintiff was extremely limited with respect to difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence or pace. Tr. 637. He opined Plaintiff would likely be off-task over 30% of the time during a 40-hour work-week and would likely miss four or more days per month if attempting to work a 40-hour work-week. Tr. 637.

The ALJ accorded "little weight" to the limitations noted by Dr. Kouzes on examination and the opinions expressed by treating physician Gonzalez. Tr. 33. The ALJ indicated the opinions were not consistent with the overall evidence which showed Plaintiff had generally benign examination findings, performed a number of activities of daily living despite the reported symptoms, and had improvement of symptoms with medication. Tr. 34. Defendant argues the

///

forgoing rationale provided by the ALJ for rejecting the opinions of these medical professionals is fully supported. ECF No. 15 at 10-13. The Court does not agree.

First, the Court finds the opinions of Drs. Kouzes and Gonzalez are not unsupported by the overall evidence of record. Dr. Kouzes' examination revealed several symptoms that supported the limitations assessed by the medical professional. Tr. 470, 473. Treating physician Gonzalez has additionally noted Plaintiff's symptoms throughout the record which are fairly consistent with the opinion he expressed on October 14, 2015. *See* Tr. 535, 543, 546, 550-551, 571-572. The only medical opinion evidence of record which contradicts the opinions of Drs. Kouzes and Gonzalez is provided by state agency reviewing physicians, and "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *see infra*.

Although Defendant identified two treatment notes evidencing that Plaintiff was feeling pretty good in July 2014, Tr. 631, and had experienced only a couple auditory hallucinations in January 2015, Tr. 602, ECF No. 15 at 11, it is apparent that other visits and examinations revealed deficits upon which Drs. Kouzes and Gonzalez relied in completing their functional assessments. *See Garrison v. Colvin*, 759 F.3d 995, 1017-1018 (9th Cir. 2014) (holding that cycles of improvement and debilitating symptoms are a common occurrence with mental health issues, and it is error for an ALJ to pick out a few isolated instances of improvement and to treat them as a basis for concluding a claimant is capable of working). The Court finds the ALJ erred by concluding the limitations assessed by Drs. Kouzes and Gonzalez lacked record support.

The second reason provided by the ALJ for according little weight to the opinions of Drs. Kouzes and Gonzalez, that the opinions are not consistent with Plaintiff's performance of "a number of activities" despite her reported symptoms, is also unsupported.

The ALJ failed to describe what specific activities of Plaintiff contradicted the opinions of Drs. Kouzes and Gonzalez. If the ALJ fails to specify his rationale, a reviewing court is unable to review those reasons meaningfully without improperly "substitut[ing] our conclusions for the ALJ's, or speculat[ing] as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492 quoting *Treichler*, 775 F.3d at 1103. While the ALJ mentions Plaintiff reported going to Disneyland and planned to attend a family reunion, Tr. 34, the ALJ fails to specify how these activities were inconsistent with the assessments of Drs. Kouzes and Gonzalez. Because the ALJ failed to identify what activities specifically contradicted the opinions of Drs. Kouzes and Gonzalez and how any particular activities were inconsistent with the opinions of these medical professionals, the Court finds the ALJ's rationale for discounting their reports in this regard is also not properly supported.

Finally, the ALJ's determination that the opinions of Drs. Kouzes and Gonzalez were inconsistent with Plaintiff's reported improvement of symptoms is also unsupported. The evidentiary record reveals Plaintiff continued to have mental health issues throughout the relevant time period in this case with no indication that her symptoms resolved. *See* Tr. 571-572 (June 11, 2015 presentation with auditory hallucinations and delusional thoughts); Tr. 545-546 (August 21, 2015 presentation with auditory and visual hallucinations); Tr. 534-535 (October 14, 2015 presentation with paranoia and other mental health symptoms).

The Court concludes the ALJ erred by failing to provide cogent, specific, and legitimate reasons for rejecting the assessed mental limitations of Drs. Kouzes and Gonzalez. Accordingly, a remand is necessary for reconsideration of their opinions and for further development of the record.

///

///

### 2. Dr. Dees

On June 7, 2012, Dr. Dees also performed a psychological/psychiatric evaluation of Plaintiff on behalf of DSHS. Tr. 404-408. Dr. Dees diagnosed Psychotic Disorder, Not Otherwise Specified; PTSD (adult onset); Generalized Anxiety Disorder (adult onset); and Amphetamine Dependence, in full sustained remission. Tr. 404. He opined it was unlikely Plaintiff would be able to work in a consistent and competitive environment due to her mental health issues, but indicated that treatment would likely improve her ability to return to work. Tr. 406. Dr. Dees wrote that Plaintiff appeared able to perform simple and repetitive tasks, but may have some difficulty with more complex tasks. Tr. 406.

The ALJ accorded little weight to the report of Dr. Dees, but failed to provide any rationale for the rejection. Tr. 33; *see Brown-Hunter*, 806 F.3d at 492 (finding the agency must set forth reasoning behind its decisions in a way that allows for meaningful review).

Defendant contends that Dr. Dees' opinion was not "significant probative evidence," therefore, the ALJ was not required to discuss it. ECF No. 15 at 13-15. The Court does not agree.

In a case such as this, where the medical opinion evidence is sparse, the opinion of an examining medical professional is significant probative evidence. The ALJ erred by failing to provide rationale for according little weight to Dr. Dees' report. Accordingly, the ALJ shall additionally be required to reassess the evaluation of Dr. Dees on remand and provide a detailed analysis related to the weight assigned to his opinions.

### 3. Opinions of Nonexamining Physicians

The ALJ assigned "significant weight" to the opinions of Disability Determination Services (DDS) consultants Jerry Gardner, Ph.D. (April 2014), Tr. 127-130, Leslie Postovoit, Ph.D. (July 2014), Tr. 142-145, James Bailey, Ph.D. (December 2012), Tr. 79-82, and Bruce Eather, Ph.D. (June 2013), Tr. 103-106.

These nonexamining medical professionals generally found Plaintiff capable of performing simple, repetitive work with occasional interruptions to concentration, persistence or pace, and capable of appropriate interactions but would work best away from the general public. *Id.* The ALJ held that these limitations were consistent with the overall evidence of record which demonstrated Plaintiff showed improvement with medication, any residual symptoms she had did not interfere with her activities of daily living, and she often had benign findings on her mental status exams. Tr. 33. However, the ALJ disagreed with the opinion that Plaintiff could perform jobs with occasional interruptions to concentration, persistence, or pace because her mental status exams often showed good concentration, thought process and memory. *Id*.

As discussed above, the ALJ's basis for discounting the opinions of treating physician Gonzalez and examining physicians Kouzes and Dees, was unsupported. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830. The Court thus finds that the ALJ erred by relying exclusively on the nonexamining medical professionals' opinions in formulating Plaintiff's RFC in this case. Therefore, the ALJ's assessment of Plaintiff's overall functioning is not supported by substantial evidence.

Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits. This matter will be remanded for additional proceedings in order for the ALJ to further develop the record, take into consideration Plaintiff's psychological impairments, and reassess any functional limitations caused by Plaintiff's impairments.

///

///

///

## B. Step Two

Plaintiff argues the ALJ erred at step two of the sequential evaluation process by concluding Plaintiff's schizophrenia/psychotic disorder was not severe impairments. ECF No. 14 at 11-12.

Plaintiff has the burden of proving she has a severe impairment at step two of the sequential evaluation process. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 423(d)(1)(A), 416.912. In order to meet this burden, Plaintiff must furnish medical and other evidence that shows she has a severe impairment. 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it "does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521, 416.921.

Here, the ALJ mentioned Plaintiff had been diagnosed with varying mental impairments, including schizophrenia. Tr. 26. However, the ALJ specifically found that affective disorder, anxiety disorder, personality disorder, and substance abuse disorder most accurately reflected Plaintiff's mental symptoms and limitations. Tr. 26.

The Court notes Plaintiff's disability report fails to mention schizophrenia/psychotic disorder as an issue causing her alleged disability. *See* Tr. 346 (alleging only depression, PTSD and anxiety as conditions that limited her ability to work). Furthermore, as asserted by Defendant, ECF No. 15 at 6, none of the medical opinions of record identify schizophrenia as a diagnosed condition. Plaintiff also did not specifically describe how schizophrenia caused greater restrictions on her functionality than as assessed by the ALJ, and thus resulted in harmful legal error in this case. Accordingly, without more, it appears the ALJ's discussion and findings at step two were not flawed. Nevertheless, given the ALJ's erroneous determinations regarding the medical opinion evidence of record

and the resultant necessity of a remand to remedy these defects, on remand the ALJ shall additionally be required to reexamine the severity of Plaintiff's conditions at step two of the sequential evaluation process, including schizophrenia.

**C.     Step Three**

Plaintiff additionally contends the ALJ erred by failing to find Plaintiff's mental impairments met or equaled a Listing at step three of the sequential evaluation process. ECF No. 14 at 12-13.

Plaintiff argues that the marked and extreme limitation findings of Dr. Gonzalez, when properly considered, direct a finding of disability at step three. While the Court agrees that the ALJ's rationale for rejecting the opinions of Dr. Gonzalez are unsupported, *see supra*, the Court finds Dr. Gonzalez's report and the conclusions therein should be reassessed on remand, not credited as true. Plaintiff bears the burden of establishing that her impairments satisfy the requirements of a Listings impairment, and Dr. Gonzalez's report, without more, is not enough to establish disability at step three. *Tackett v. Apfel*, 180 F.3d 1094, 1098-1100 (9th Cir. 1999).

On remand, the ALJ shall reexamine step three of the sequential evaluation process and specifically readdress Listings 12.03, 12.04, 12.06, and 12.08.

**D.     Plaintiff's Subjective Complaints**

Plaintiff contends the ALJ also erred by improperly rejecting her subjective complaints. ECF No. 14 at 15-19.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the

claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 29. The ALJ stated the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) the record does not support limitations as disabling as Plaintiff alleged; (2) Plaintiff maintained employment during her alleged worsening of symptoms; (3) Plaintiff had inconsistencies in her allegations and periods of non-compliance with her treatment; (4) Plaintiff's mental status exams often demonstrated benign findings; (5) the record reflects that Plaintiff's medication improved her symptoms; and (6) Plaintiff's symptoms did not interfere with her activities of daily living. Tr. 30-32.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

**E.  Law Witness Evidence**

Plaintiff contends the ALJ further erred by improperly rejecting the lay witness statements of Plaintiff's stepfather, Rick Giberson, Tr. 355-362. ECF No. 14 at 13-15.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 14

The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), citing 20 C.F.R. § 404.1513(e)(2). "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Sprague*, 812 F.2d at 1232. The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ considered the statements of Mr. Giberson, found his observations similar to Plaintiff's subjective complaints, and thus assigned little weight to Mr. Giberson's statements "for the same reasons" as he determined that Plaintiff's statements were not entirely credible (i.e., longitudinal treatment history, objective findings, performance on exam, improvement of symptoms, and daily activities). Tr. 35; *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (indicating that third-party testimony can be rejected for the same reasons provided for rejecting the claimant's testimony).

As determined above, this matter will be remanded for additional proceedings in light of the ALJ's erroneous determination regarding the medical opinion evidence. In addition to reassessing Plaintiff's RFC on remand, the ALJ shall reevaluate Plaintiff's statements and testimony. Accordingly, on remand, the ALJ shall also reconsider and reevaluate the lay witness statement of Rick Giberson, Tr. 355-362, and the record as a whole with respect to Plaintiff's limitations and functioning.

**F.   Step Five**

Plaintiff contends the ALJ erred at step five of the sequential evaluation process by relying on the vocational expert's testimony in response to an incomplete hypothetical; a hypothetical that did not reflect all of Plaintiff's limitations. ECF No. 14 at 19-20.

As concluded above, the ALJ erred by providing inadequate reasoning for rejecting the opinions of Drs. Kouzes, Gonzalez and Dees. *See supra*. Consequently, the ALJ's RFC determination is not supported by substantial record evidence in this case and must be reevaluated.

On remand, the ALJ shall reassess Plaintiff's RFC and, if necessary, obtain supplemental testimony from a vocational expert with respect to the new RFC determination.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits. ECF No. 14 at 20-21. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). The Court finds further development is necessary in this case.

On remand, the ALJ shall reconsider Plaintiff's psychological limitations and reexamine the severity of Plaintiff's conditions, including schizophrenia, at step two of the sequential evaluation process. The ALJ shall additionally reexamine step three of the sequential evaluation process and specifically readdress Listings 12.03, 12.04, 12.06, and 12.08. The ALJ shall reconsider the opinions of Drs. Kouzes, Gonzalez and Dees and all other medical evidence of record, including the reviewing state agency physicians. The ALJ shall further develop the record by directing Plaintiff to undergo a consultative psychological examination and/or by eliciting the testimony of a medical expert at a new administrative hearing to assist the ALJ in formulating a new RFC determination. The ALJ shall also reevaluate Plaintiff's statements and testimony, reevaluate the lay witness statement of Rick Giberson, obtain supplemental testimony from a vocational

expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED January 28, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE